FILED
United States Court of Appeals
Tenth Circuit

May 20, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DARRELL LEE MONTOYA,

    Defendant - Appellant.

No. 17-8044
(D.C. Nos. 1:16-CV-00165-NDF and
2:94-CR-00080-WFD-1)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

Defendant-Appellant Darrell Lee Montoya seeks a certificate of appealability

(COA) to appeal the district court's dismissal of his motion to vacate, set aside, or

correct his sentence under 28 U.S.C. § 2255. Below, Montoya challenged his

sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), claiming that five

of his 18 U.S.C. § 924(c) convictions do not have requisite "crime of violence"

predicates. The district court denied Montoya's motion and denied him a COA.

_____

    * After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Exercising jurisdiction under 28 U.S.C. § 2255(d), we DENY Montoya's COA request and DISMISS the petition because Montoya cannot demonstrate that reasonable jurists would find the district court's assessment of his constitutional claims debatable or wrong.

## I.

On June 6, 1994, Montoya drove to the Bureau of Indian Affairs (BIA) police station in Fort Washakie, Wyoming. There, he opened fire on multiple police officers. ROA, Vol. III at 3–8 (presentence report). No officers were killed, but one was wounded during the incident. *Id.* Montoya was convicted of five counts of forcibly assaulting an officer, 18 U.S.C. § 111(a)(1) & (b); nine counts of using a firearm during a crime of violence, 18 U.S.C. § 924(c); and four counts of aggravated assault with a deadly weapon, 18 U.S.C §§ 1153 & 13 (Wyo. Stat. Ann. § 6-2-502(b)).[1] ROA, Vol. I at 83. Montoya's nine crime-of-violence convictions under § 924(c) increased his sentence by 165 years, for a total of 171 years in prison. *Id.* at 85.

Following an unsuccessful appeal and motion to reduce his sentence, Montoya filed the 28 U.S.C. § 2255 motion underlying this proceeding. The § 2255 motion argued that Montoya's § 924(c) crime-of-violence convictions were invalid. ROA, Vol. I at 6. The district court denied the motion, holding that Montoya's claims (1)

---

[1] 18 U.S.C. § 13 adopts state laws in certain areas within federal jurisdiction. 18 U.S.C. § 13(a). Wyoming Statute § 6-2-502 criminalizes aggravated assault and battery.

were procedurally barred because he failed to challenge his crime-of-violence convictions at sentencing or on appeal; (2) were time-barred; and (3) failed on the merits because Montoya's 18 U.S.C. § 111 convictions were categorically crimes of violence under the elements clause of § 924(c). Because we agree that Montoya's claims fail on the merits, we do not address whether they are procedurally barred or time-barred.

## II.

A federal prisoner cannot appeal a denial of habeas relief unless he obtains a COA. 28 U.S.C. § 2253(c)(1)(B). A COA may issue only if the prisoner has made "a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). Where, as here, a district court has rejected the constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Montoya argued in the district court that his sentence was unconstitutional under *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court considered the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii). The ACCA defined a "violent felony" as "any crime punishable by imprisonment exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause), "is burglary, arson, or extortion, involves use of explosives" (the enumerated clause), or "involves conduct that presents a serious potential risk of

3

physical injury to another" (the residual clause). 18 U.S.C. § 924(e)(2)(B). The Court concluded that the residual clause was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2557.

Like the ACCA provision examined in *Johnson*, 18 U.S.C. § 924(c) contains an elements clause (sometimes called the "force clause") and a residual clause similar to the one invalidated in *Johnson*. Specifically, § 924(c)(3) defines a "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the property or person of another" (the elements clause) or "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the residual clause). 18 U.S.C. § 924(c)(3). Montoya argued that his convictions for forcible assault on federal officers did not qualify as crimes of violence under the elements clause. ROA, Vol. 1 at 6. Therefore, he reasoned, he was "necessarily convicted under the residual clause." *Id.* Montoya asserted that the residual clause of § 924(c) was unconstitutional under *Johnson*, and that as a result, his § 924(c) convictions were invalid.

On appeal, Montoya acknowledges that this argument is foreclosed by Tenth Circuit precedent. In *United States v. Kendall*, 876 F.3d 1264 (10th Cir. 2017), we held that forcibly assaulting an officer under 18 U.S.C. § 111(b) is a crime of violence as defined in § 924(c) because it has as an element "the use, threatened use, or attempted use of violent physical force." *Id.* at 1270. Thus, Montoya's § 111(b) convictions qualify as "crime[s] of violence" under the elements clause of § 924(c),

4

meaning the crime-of-violence convictions do not rest on the allegedly unconstitutional residual clause. As Montoya concedes, this panel is bound by *Kendall* and can grant him no relief. He filed this appeal "only to preserve his argument that . . . assault on a federal officer pursuant to 18 U.S.C. § [111(b)] does not qualify as a crime of violence under the force clause of § 924(c)." Aplt. Br. at 1.

## III.

Given the above, we DENY Montoya's request for a certificate of appealability and DISMISS this appeal.

Entered for the Court


Allison H. Eid
Circuit Judge